# Richmond

RUTH AUDREY HASEMEYER COFER v. HARDY DASHIELLS COFER.

March 8, 1965.

Record No. 5884.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, I'Anson and Carrico, JJ.

*Jesse M. Johnson* (*Johnson & Schrieberg*, on brief), for the appellant.

*Ivy P. Blue, Jr.* (*Blue & Gordon*, on brief), for the appellee.

Eggleston, C. J., delivered the opinion of the court.

■ By a decree entered on March 27, 1959, the appellant wife was granted a divorce *a vinculo* from her husband, Hardy Dashiells Cofer, and awarded the custody of their three infant children. The decree directed the husband to pay the wife the sum of $300 per month, of which $100 was for her maintenance and support and $200 for the maintenance and support of the three children.

By an order entered on February 16, 1960, the husband was relieved of the duty of the support and maintenance of the wife, pursuant to her agreement, but was ordered to pay to her the sum of $255 per month for the continued support of the children.

On July 15, 1963, after proper notice to the appellant wife, the husband filed a petition asking for a modification of the terms of the order last mentioned, because, he said, the wife had moved with the children from Virginia to Pennsylvania, making more expensive his visitation with the children; that he had remarried; that his former income had been reduced; and that he and his former wife had entered into an agreement whereby the support money for the children was to be reduced. He further asked to be relieved of the obligation to pay the sum of $1,325, being the amount in which he was in arrears for the support money of the children under the terms of the former order.

On the same day on which the petition was filed a consent order was entered, reinstating the cause on the docket, permitting the husband to file his petition, and granting the wife "ten (10) days from July 12, 1963, to answer said petition if she be so advised." She failed to answer this petition.

On September 4, 1963, the lower court entered an order granting

the prayer of the husband's petition and reducing the amount of support money for the infant children from $255 to $175 per month. It also relieved the husband of "paying any arrearage due" in the support money for the children pursuant to the February 16, 1960 order. This order of September 4 was not endorsed by counsel for the wife nor was he or she notified of the time and place of its presentation for entry.

On September 20 counsel for the wife notified counsel for the husband of her intended motion for an order nullifying and vacating the order entered on September 4, on the ground that it was "improvidently entered" and without compliance with Rule 2:18 of the Rules of Court. The notice also stated that the wife would ask that the support money for the children "be substantially increased."

On November 6, after an ore tenus hearing on this notice, which is not reported in the record, the lower court entered an order refusing to vacate the order of September 4, and continuing the wife's motion for an increase in the support money for the children.

From the order entered on November 6, refusing to vacate the previous order of September 4, the wife has appealed. In her assignments of error she claims that the court erred in entering the order of November 6 denying her motion to vacate the order of September 4, because (1) the latter order was not endorsed by counsel of record for the wife and children nor was notice given to him of the time and place of its presentation for entry as required by Rule 2:18, and (2) the order of September 4 improperly relieved the husband of the payment of accrued support money for the children.

We agree with the first contention of the appellant wife that the order of September 4 was void and should have been vacated on her motion, because it was entered without the required endorsement of counsel and without previous notice to him of its presentation for entry. Rule 2:18 provides: "Drafts of orders and decrees shall be endorsed by counsel of record or notice given of the time and place of presentation for entry."

It is true that Rule 2:19 of the Rules of Court[1] vests in the court the discretion in "situations deemed appropriate," to "modify the requirements" of Rule 2:18. The language of the order of

---

[1] "Rule 2:19. *Enforcement of Rules 2:17 and 2:18.*

"When counsel are numerous, or when some are no longer interested, or in other situations deemed appropriate, the court may in its discretion modify the requirements of Rules 2:17 and 2:18."

September 4 indicates that the requirements of Rule 2:18 were dispensed with because the wife had "failed to answer the petition" of the husband within the ten days allotted therefor.

We do not agree that this was a situation in which the lower court should have dispensed with the requirements of the rule. The rights of infants were involved under the terms of the previous order which fixed the allotment of support money for their benefit. The failure of the wife, the mother of the infants, to answer the petition within the allotted time did not justify the court in entering what amounts to a default order against the infants. On the contrary, counsel for the infants should have been given notice of the time and place of presentation for the entry of the order, as required by Rule 2:18, and the opportunity of contesting its entry.

■ The appellee argues that under the provisions of Rule 2:22 of the Rules of Court the order of September 4 became final and was not thereafter "subject to be modified or vacated."[2] The ready answer is that this rule is not a limitation on the power and authority of the court to vacate a void order. It is well settled that a void decree or order is a nullity and may on proper application be vacated at any time. 30A Am. Jur., Judgments, § 693, pp. 658, 659; *Id.*, § 697, p. 662; 49 C. J. S., Judgments, § 230-b, p. 444.

■ Nor do we agree with the contention of the appellee that this appeal comes too late because it is an attack on the order of September 4, and the appeal from this order was not perfected within the time prescribed by the statute (Code, Repl. Vol. 1957, § 8-463) and the Rules of Court (Rule 5:1, § 4).

This is not an appeal from the order of September 4, but from the order of November 6 refusing to vacate the former order. It is not questioned that the appeal from the order of November 6 was perfected within the prescribed time.

We hold that the lower court erred in entering the order of November 6 in which it refused to vacate the void order of September 4.

■ The second assignment of error challenges the authority of the court to relieve the husband of the obligation to pay accrued support money, as it did in its order of September 4. While that question would properly be presented to us on a direct appeal from the order

---

[2] "Rule 2:22. *Finality of Decrees.*

"All final decrees, irrespective of terms of court, shall remain under the control of the trial court, and subject to be modified or vacated, for twenty-one (21) days after the date of entry, and no longer."

of September 4, since under our view that order must be vacated and the validity of such provision is likely to arise during the subsequent proceedings, it will be disposed of on the present appeal.

Whether, in a divorce proceeding, the court has the authority to relieve the delinquent husband of the arrearage in support money for his children, due under the provisions of a previous decree or order, is a question which has not heretofore been presented to us. While there is some conflict of authority on the subject the majority rule is to the effect that, in the absence of statute, payments exacted by the original decree of divorce become vested as they accrue and the court is without authority to make any change as to past due installments. 27B C. J. S., Divorce, § 322(1)-c, pp. 686, 687; 17A Am. Jur., Divorce and Separation, § 863, p. 50; Schouler on Marriage, Divorce and Separation, 6th Ed., Vol. 2, § 1915, pp. 205, 206.

In the present case apparently the lower court based its authority to relieve the husband of accrued payments of support money on Code (Repl. Vol. 1960), § 20-108. This section reads: "The court may, from time to time after decreeing as provided in the preceding section, on petition of either of the parents, or on its own motion or upon petition of any probation officer or superintendent of public welfare, which petition shall set forth the reasons for the relief sought, *revise and alter such decree* concerning the care, custody, and maintenance of the children and *make a new decree* concerning the same, as the circumstances of the parents and the benefit of the children may require." (Emphasis added.)

It will be observed that this section authorizes the court to "revise and alter" a previous decree concerning the care, custody and maintenance of the children "and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children may require." In the present case the provision in the order of September 4, relieving the husband of past due installments for support money, does not "revise and alter" the previous decree relating to these matters, nor does it "make a new decree concerning the same." It relieves the delinquent husband of the accrued obligation which he has incurred under the terms of a previous order. This is not, we think, within the purview of the section which is designed to operate prospectively and relates to future provisions for support.

Statutes of this character are found in many of the States and while there is a diversity of opinion on the point, the majority view is that

they do not authorize the court to modify its decree retroactively and relieve the husband of the obligation to pay past due installments for the support of his minor children. See 27B C. J. S., Divorce, § 322(1)-c, pp. 686, 687, 688; 17A Am. Jur., Divorce and Separation, § 863, p. 50; Annotation: 6 A. L. R. 2d, pp. 1280, 1281; *Id.*, p. 1288; *Id.*, p. 1292, and cases there collected; Schouler on Marriage, Divorce and Separation, 6th Ed., Vol. 2, § 1915, pp. 205, 206.

In accord with the majority view, it has been held in a number of States that a statute authorizing the court to "amend, revise and alter," or to "modify or change," a previous decree does not permit the cancelation of arrears in support money. See Annotation: 6 A. L. R. 2d, p. 1288; *Id.*, p. 1292. For cases taking the opposite view see Annotation: 6 A. L. R. 2d, p. 1292.

The rationale of the cases taking the majority view is that such a statute relates to future installments for the support of children and that the past due installments become vested and are immune from change. See *Rakes* v. *Ferguson*, 147 W. Va. 660, 130 S. E. 2d 102, 106; *Morgan* v. *Morgan*, 275 Ala. 461, 156 So. 2d 147, 150.

The reasoning of the cases taking the minority view is that the party to whom payments for child support are made has no absolute property right in past due and unpaid installments. Hence they are subject to change. *Wilson* v. *Wilson*, 143 Me. 113, 56 A. 2d 453, 456.

The recent case of *Rakes* v. *Ferguson, supra,* dealt with a situation quite similar to that with which we are here concerned. Section 15, Article 2, Chapter 48 of the West Virginia Code of 1931, as amended (Code of 1955, § 4715), authorizes the trial court in a divorce proceeding to "revise or alter" a decree "concerning the care, custody, education and maintenance of the children, and make a new decree concerning the same." It was held that such a provision "pertains to future installments for the support of the children" and "does not authorize the court to alter or cancel accrued installments" for such support. It was further held that installments for the support of children, like installments for alimony, become vested and may be set aside only for fraud or other judicially cognizable and harmful circumstance in the procurement of the decree. 130 S. E. 2d at 106.

It is our opinion that our statute (Code, § 20-108, *supra*) does not authorize the court to relieve the delinquent husband of the payment of accrued installments for the support of his children due under the provisions of a former decree or order.

The decree appealed from is reversed and the cause remanded to the

lower court for further proceedings in conformity with the views here expressed.

Counsel for the appellant wife should be allowed a fee of $200 for services in prosecuting this appeal.

*Reversed and remanded.*