## CIRCUIT COURT OF THE CITY OF RICHMOND

William T. Harris, Sr.

v.

Barbara W. Harris

July 31, 1979

Case No. K-1122 (formerly No. G-2960-1)

By JUDGE WILLARD I. WALKER

This matter is before the court upon the motion of the defendant by counsel to set aside a final decree of this court entered on April 26, 1979.

This divorce action was commenced by the plaintiff, William T. Harris, Sr., by the filing of a bill of complaint in this court on January 11, 1979. An answer and cross-bill was filed to this bill of complaint on January 31, 1979, by Mr. Maurice H. Bell, Jr., as counsel for the defendant, Barbara W. Harris. The bill of complaint sought a divorce from bed and board on the ground of cruelty and constructive desertion. A notice to take depositions was served on the defendant by the plaintiff on January 19, 1979, calling for deposition evidence to be taken on the 9th day of February, 1979, at the office of counsel for the plaintiff. Depositions were taken on that date at which depositions the defendant and her attorney, Mr. Bell, were present, and Mr. Bell engaged in cross-examination of the plaintiff's witnesses. These depositions establish, among other things, that the parties separated on or about March 10, 1978, and that they had lived separate and apart without cohabitation and without interruption from that time until the taking of the depositions on February 9, 1979. On April 10, 1979, a notice was filed with the court bearing a certificate dated April 9, 1979, which indicated

notice had been sent to counsel for the defendant. This notice indicated that the plaintiff would, through his counsel, seek the entry of a decree granting him a divorce from the bond of matrimony and that the hearing would be at 10:45 a.m., April 24, 1979. A final decree was entered by the court on April 26, 1979, which purported to divorce the parties from the bond of matrimony on the ground that the parties had lived separate and apart without any co-habitation and without interruption for more than one year. It is from this decree that the defendant now seeks relief.

In his motion to set aside the final decree, counsel for the defendant contends that proper protocol was not followed by counsel for the plaintiff because no prior arrangement was made in securing a date for presentation of the final decree for entry. There is no merit to this contention. In notifying counsel for the defendant that he would appear and offer a decree for entry on April 24, 1979, counsel has complied with the provisions of Rule 1:13 of the Rules of the Supreme Court of Virginia.

Counsel for the defendant further contends that his predecessor did not actually receive a copy of the notice of hearing which was filed on April 10, 1979, and allegedly mailed to counsel on that date. In view of the other rulings of the court set forth herein, there is no necessity to rule upon that factual issue.

Assuming, without deciding, that proper evidence is in the record to support the allegation of cruelty or constructive desertion, plaintiff is perfectly within his rights to apply for a divorce from the bond of matrimo-ny, rather than from bed and board, on the ground set out in § 20-91(9) without filing an amended bill of com-plaint. *See* § 20-121.02 of the Code of Virginia. (It should be noted, however, that § 20-121.02 requires this action to be taken upon motion. No motion in writing has been filed with the court. The notice to opposing counsel does not constitute a motion. There is no record in the file of any *ore tenus* hearing at which this motion was made.) Virginia Code § 20-121.02, however, does not autho-rize a final divorce upon the ground that the parties have lived separate and apart without any cohabitation and without interruption for a period of more than one year, unless there is evidence to support that allegation.

In the case at bar, the depositions constitute the only evidence taken and the only evidence upon which the court can make any finding with respect to jurisdiction, venue, grounds and other matters essential to this divorce action.

These depositions establish that the parties lived separate and apart without cohabitation and without interruption from March 10, 1978, until the day of the depositions, February 9, 1979. This is a time interval of approximately eleven months and is not sufficient to allow a divorce based on the provisions of Virginia Code Section 20-91(9).

Counsel for the plaintiff maintains that the court cannot act to vacate its order of April 26, 1979, because of the expiration of twenty-one days. See the provisions of the Rules of the Supreme Court of Virginia, Rule 1:1. This Rule, however, is modified by the provisions of Virginia Code § 8.01-428(B) and (C). This section allows the court at any time, whether within twenty-one days or not, to correct clerical mistakes and oversights with respect to decrees, and to set aside a judgment or decree for fraud upon the court. The twenty-one day rule also does not preclude the court from vacating or setting aside a void judgment for the obvious reasons that a void judgment is no judgment at all. *See Cofer* v. *Cofer*, 205 Va. 834 (1965), wherein it is stated, at page 837:

> The appellee argues that under the provisions of Rule 2:22 [now Rule 1:1] of the Rules of Court the order of September 4 became final and was not thereafter "subject to be modified or vacated." The ready answer is that this rule is not a limitation on the power and authority of the court to vacate a void order. It is well settled that a void decree or order is a nullity and may on proper application be vacated at any time. (Citations omitted.)

The power of a court to enter a divorce decree is a matter governed entirely by statute. There are no common law rules relating to divorce proceedings. The General Assembly is the only body which can set forth the grounds for divorce, and those grounds, of necessity, must be

proven before a divorce can be granted. This is not a case where the court, weighing the evidence before it, made an adjudication that proper evidence properly corroborated had been produced. In such a case, the court order would be final after twenty-one days and it would be necessary for an appellate court to vacate the order upon an appeal if it appeared to the appellate court there was insufficient evidence before the trial court to justify the trial court's ruling. This case is the same as if no depositions had been taken or filed with the court, and, therefore, there was no evidence upon which the court's action could be based.

Therefore, the court's order of April 26, 1979, is a nullity.

This order of the court cannot be allowed to stand for an entirely separate reason. An order of the court based upon no evidence whatsoever is a nullity by virtue of being in violation of constitutional protections of due process.

In addition to the above-stated reasons, I find that what has happened in this case is tantamount to a clerical error as set forth in § 8.01-428. The court, in relying upon the representations of counsel in the proposed sketch, was unaware that the evidence before the court was not sufficient to justify a final divorce granted upon the ground of one year of separation. The court would not, and could not, exceed its statutory authority in divorce matters where the evidence clearly demonstrated that its authority was limited; nor would the court engage in an unconstitutional act. Accordingly, this decree can be corrected outside of twenty-one days by virtue of those provisions.

And, finally, the final decree entered on April 26, 1979, contained, in pertinent part, the following language.

Upon Consideration Whereof, the Court finds as established by the evidence . . . that the plaintiff and defendant separated from each other on March 10, 1978, and have lived separate and apart without any cohabitation and without interruption for over a period of one year.

This recitation in the sketch for final decree prepared by counsel for the plaintiff is in fact a misrepresentation of the underlying facts in the case. While I am confident no fraud upon the court was intended by counsel for the plaintiff, the net effect of the presentation of this decree was to inadvertently participate in such fraud.

For all of the above reasons, the motion of counsel for the defendant to vacate the order of April 26, 1979, is granted. This will place the parties in exactly the position they were at the time the void order was entered.