## CIRCUIT COURT OF WISE COUNTY

Commonwealth of Virginia,
Department of Social Services,
Division of Child Support
Enforcement Programs

v.

Clyde J. Beavers

August 29, 1989

Case No. L88-494

By JUDGE J. ROBERT STUMP

The court has considered oral arguments, written briefs and stipulated facts on this child support appeal from Juvenile Court and makes the following findings of fact and conclusions of law.

*Stipulated Facts*

Clyde J. Beavers, the father, was ordered to pay $80.00 monthly child support in original court decree dated November 21, 1978. In August, 1987 the Social Security Administration declared father totally and permanently disabled and unemployable from December, 1983, to present.

As of August 31, 1988, the father's child support arrearage was $5,205.00. As a result of her father's disability the child received back pay of $6,465.00.

Father now receives sole monthly income from Social Security in the amount of $496.00. Per Virginia child support guidelines, § 20-108.2, the father's maximum

obligation is $65.00, but due to her father's disability the child receives a Social Security monthly check in the sum of $264.00. The child will be 18 in January, 1990.

## Issues

1. Was the Juvenile Court correct in terminating father's current support when the child receives Social Security (Title II) benefits due to her father's disability?
2. Was the Juvenile Court correct in granting father credit for all arrearages because of the lump sum pay which the child received?

## Law and Reasoning

To answer these issues the court must consider the decisive threshold question -- Is a parent entitled to credit on his child support payments for Social Security disability benefits paid for child support? There are no Virginia appellate decisions on point. This court answers in the affirmative for the following reasons.

Seventeen states have held that Social Security children's benefits are a form of insurance, earned by the wage earner-parent, are a product of the parent's labor, not a gratuity, and should be automatically credited against the support obligation. See cities in Beaver's brief.

This court does not find the facts presented here to be analogous to *Fearon v. Fearon*, 207 Va. 927, 932 (1967), where the Virginia Supreme Court held, "payments made directly to a child or on his behalf are considered gifts and are not to be credited against support arrearages". Social Security disability child support payments are not a gift, but "represent money which an employee has earned during his employment and also that which his employer has paid for his benefit into a common trust fund under the Social Security Act." *Justice v. Scruggs*, 332 S.E.2d 106, 107-108 (S.C. 1985).

Ten other states allow discretionary credit against the obligation on a case-by-case basis, not because these payments are not recognized as child support, but out of a concern that an automatic credit would constitute a modification of the support decree. See cites in Beaver's

brief. There are apparently no states which specifically hold that such payments are not child support.

Virginia statutory law recognizes Social Security Title II disability benefits as child support. Virginia Code § 20-61 imposes criminal sanctions on a parent for willfully refusing or failing to pay child support payments. But this statute, "shall not apply to any parent of any child of whatever age, if the child qualifies for and is receiving aid under a federal or state program for aid to the permanently and totally disabled"

Also the Virginia Manual for the Aid to Dependent Children (ADC) program clearly establishes these benefits as a substitute for child support. See ADC Manual § 305.4 p. 14-15 (August 1988).

The Virginia Supreme Court in *Cofer v. Cofer*, 205 Va. 834 (1965), interpreting § 20-108, refused to relieve husband of the duty to pay past due amounts of support money because this right had vested, that is, it did not allow "retroactive modification" of a court decree.

In *Goodpasture v. Goodpasture*, 7 Va. App. 55 (1988), the Virginia Court of Appeals relying on *Cofer* refused to allow credit for accrued support payments where the wife wrote a letter to husband's attorney waiving her right to child support while she was in another state. The court held a party cannot be waiver modify the terms of a support order.

In *Acree v. Acree*, 2 Va. App. 151 (1986), the Court of Appeals allowed an exception to *Cofer* on unique facts where the father was allowed credit for nonconforming child support payments. "The custodial parent has by his or her own volition entered into an agreement to relinquish custody on a permanent basis and has further agreed to the elimination of support payments and such agreement has been fully performed." *Acree* at 157. Here the original child support decree has been fully satisfied and performed by the back payment of Social Security disability benefits.

When Beavers became disabled and unemployed in December 1983, he should have petitioned the court per § 20-108 on the ground of a change of circumstances for relief from child support. *Newton v. Newton*, 202 Va. 515 (1961). But for undisclosed reasons he failed to do this. If proper medical documentation had been presented by Beavers, he

would have certainly been granted relief from the child support by the court.

After four years of normal bureaucratic delay (through no fault of his own) the Social Security Administration declared Beavers totally and permanently disabled and unemployable as of December 1983. Beavers did not willfully violate the court decree, nor was he guilty of bad faith. His poor health was the cause of his inability to work or pay child support.

This court holds that based on Beavers' disability and through back pay the Social Security Administration subsequently fully satisfied the father's accrued arrearages on the original court ordered child support.

Any further court ordered payments would amount to a windfall to the child. "Allowance of uncredited Social Security would actually modify the agreement of the parties and result in an unnecessary advantage." *Board v. Board*, 690 S.W.2d 380 (Ky. 1980). Any additional court ordered payments now would be inequitable to the father who to date has been unemployed and permanently and totally disabled since December 1983, and lives on a minimum limited income; and further would shock the conscience of this court and the average person.

> Most important, failure to enforce the letter of this decree under these circumstances will not work to the detriment of the child, for whose benefit the support was to be paid. The agreement of the parties as carried out (here the father's Social Security disability back pay benefits) worked to the benefit of the child to the same degree that absolute conformity with the terms of the decree would have. No beneficial purpose would now be served by awarding arrearages for the support . . . the child. *Acree* at 158.

The father whose disability caused the payment of Social Security benefits received by the child should be allowed a credit and satisfaction of the court ordered support. In this court's opinion this result brings the father into full compliance with the court order and is

not a "retroactive modification" as disallowed in *Cofer* and *Goodpasture*.

If this court's interpretation is misplaced, then at least the facts of this case are more deserving than *Acree* to allow an exception to the rule.

## Court Holdings

For the above reasons this court finds as follows:

1. The Juvenile Court's decisions are affirmed;

2. A parent is entitled to credit on his child support payments for Social Security disability benefits paid for child support;

3. Such a credit is not "retroactive modification" of a court decree;

4. and/or is an exception to the rule of *Cofer* and *Goodpasture*;

5. Since more than the court ordered child support accrued arrearages have been fully satisfied by the father's Social Security back pay disability payments, full credit is allowed;

6. Since the child based on the father's disability from Social Security now receives considerably more benefits than the father is obligated to pay per the statutory support guidelines, the father's current support obligation is terminated.