**Norfolk**

KATHRYN T. TAYLOR

v.

CHARLES F. TAYLOR

No. 0007-89-1

Decided August 14, 1990

COUNSEL

Henry M. Schwan, for appellant.

B. Thomas Reed (Gustin, Reed, Martin & Hubard, on brief), for appellee.

OPINION

**BAKER, J.**—Kathryn T. Taylor (wife) appeals from a decree entered by the Circuit Court of the City of Norfolk (trial court) on December 6, 1988. The decree denied her request that Charles F. Taylor (husband) be required to increase the amount of child support. The decree also denied her request that husband pay the sum of $1,000 for dental bills incurred on behalf of their daughter, Jacquelyn, and her request for a judgment against husband for sums alleged to be due as support payment arrearages and unpaid college costs.

After a marriage of approximately sixteen years, the parties separated on July 30, 1977. On January 3, 1978, they executed a separation agreement which was approved and incorporated in a final decree of divorce entered on December 26, 1978. Wife's requests are founded on provisions contained in that decree.

## I. *The Accrued Installments*

The agreement approved by and incorporated in the divorce decree contained the following provisions:

> Husband will pay to Wife as support and maintenance for said infant children, beginning January 1 1978, the sum of Six Hundred ($600.00) Dollars monthly; and the Husband shall claim the children for income tax purposes.

Neither the agreement nor the decree apportioned the payments. Likewise, neither provided for a reduction when any of their three children attained a particular age or became emanci-

pated. When the agreement's provisions were incorporated in the divorce decree they became a unitary award. When such agreements are made a part of the divorce decree it is the decree that is being enforced, not the agreement, *see Doherty v. Doherty*, 9 Va. App. 97, 99, 383 S.E.2d 759, 760 (1989), and such provisions of the decree must be complied with until changed by further decree of the court. *See Fearon v. Fearon*, 207 Va. 927, 932, 154 S.E.2d 165, 168 (1967).

In a letter dated May 5, 1988, the trial court advised the parties that the "unitary award" for the children, given its "most reasonable meaning," disclosed an intent that the gross sum of $600 per month would be reduced by $200 as each child attained the age of eighteen years and, for that reason, declined to grant wife a judgment for the sums husband had failed to pay. We hold that it was error to refuse to grant the relief sought by wife as to child support arrearages. Payments required by the original decree of divorce become vested as they accrue and the court is without authority to make any change as to past due installments. *See Cofer v. Cofer*, 205 Va. 834, 838, 140 S.E.2d 663, 667 (1965); 24A Am. Jur. 2d *Divorce and Separation* § 735 (1983); *Doherty*, 9 Va. App. at 100, 383 S.E.2d at 761; *Newton v. Newton*, 202 Va. 515, 118 S.E.2d 656 (1961). In *Fearon*, our Supreme Court declared that where there is a unitary award made by a final decree of divorce, the husband is obligated to pay according to the terms of the decree without credit for periods the children were with him or monies he paid directly to them or on their behalf, and noted that "even a Court of equity, in an effort to do equity, cannot disregard the provisions of a lawful decree." *Id.* at 931, 154 S.E.2d at 168. The *Fearon* decree, as here, did not apportion the amount awarded for support. The Court recognized that Mr. Fearon had made payments on behalf of the children or directly to them but held that those payments had to be regarded as gifts or gratuities and could not be credited against his obligation to Mrs. Fearon. The Court further stated:

Under our ruling in *Cofer v. Cofer*, 205 Va. 834, 839, 140 S.E.2d 663, 666, a court is without authority to modify its decree retroactively and relieve the husband of the obligation to pay past due installments. As we indicated in *Newton v. Newton, supra*, a divorced husband must pay "according to the terms of the decree." When conditions changed, Fearon's

remedy was to apply to the court and have it modify the terms of the decree.

*Id.* at 932, 154 S.E.2d at 168. We conclude that the trial court erred when it failed to award wife a judgment for the unpaid accrued installments, and reverse and remand this cause to the trial court for the entry of a judgment consistent with this opinion in the sum disclosed by the evidence to be due.

## II. *Child Support*

■ As aforenoted, both the agreement and the divorce decree required husband to pay the unitary sum of $600 per month as child support. In the proceeding appealed from, wife petitioned the trial court to increase that sum and husband asked that it be reduced. The trial court denied each of these requests, yet entered a decree which effectively granted relief to husband by requiring him to pay only $200 per month for the remaining infant child. In fixing $200 per month as the sum for child support the trial court advised the parties that no change would be appropriate because of wife's "comparative wealth." It is apparent that the trial court's decision was made upon the erroneous belief that the divorce decree required husband to pay only $200 per month as child support. Moreover, nothing contained in the record indicates that any consideration was given to the guidelines set forth in Code § 20-108.2. Application of the provisions of that code section is not limited to the initial support hearing.

For the reason stated, the judgment requiring husband to pay $200 per month child support is reversed and this cause remanded with direction that the issue of an appropriate amount for support for the remaining infant child be reviewed and determined pursuant to the guidelines and such other relevant facts as may be presented by the parties.

## III. *College and Dental Expenses*

We further hold that the record supports the trial court's finding that the terms of the separation agreement incorporated in the divorce decree required husband to pay only those college and dental expenses incurred during the period necessary to obtain the degree for which the child was enrolled. Accordingly, it was not

error for the trial court to decline to enter a judgment for the sums wife sought for those expenses.

For the reasons stated, the judgment of the trial court is reversed as to arrearages and support for the remaining infant child and remanded for further proceeding consistent with this opinion. The judgment is affirmed as to its denial of the petition for reimbursement for college and dental expenses.

*Reversed in part,*
*affirmed in part,*
*and remanded.*

Koontz, C.J., and Barrow, J., concurred.