COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


JOEL SCOTT SHOOK
                                          MEMORANDUM OPINION[*]
v.   Record No. 2085-95-1                    PER CURIAM
                                            JULY 9, 1996
KATHLEEN ANN SHOOK


             FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                        Robert P. Frank, Judge

            (Joel Shook, pro se, on brief).

            (Kenneth B. Murov; Gary A. Mills; Kevin W.
            Grierson; Jones, Blechman, Woltz & Kelly, on
            brief), for appellee.


     Joel Scott Shook (husband) appeals the decision of the

circuit court granting Kathleen Ann Shook (wife) custody of the

parties' son and deciding other issues.  On appeal, husband

contends that (1) the trial court erred and abused its discretion

in awarding wife a divorce on the basis of a one-year separation;

(2) the trial court failed to consider Code § 20-124.3 in

determining child custody and visitation; (3) the trial court's

award of custody was contrary to the best interests of the child;

(4) the trial court's letters of November 29, 1994 and January

31, 1995 contain clear error; (5) the trial judge abused his

discretion in denying husband's motion to recuse; and (6) the

trial court erred by awarding child support arrearages to mother.

 Upon reviewing the record and briefs of the parties, we conclude
_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

that the appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  Rule 5A:27.

## Grounds for Divorce

The trial court found that husband did not prove that his wife deserted and abandoned him.  Moreover, where dual grounds for divorce exist, the trial judge "can use his sound discretion to select the appropriate grounds upon which he will grant the divorce."  Zinkhan v. Zinkhan, 2 Va. App. 200, 210, 342 S.E.2d 658, 663 (1986).  The trial judge is not "compelled 'to give precedence to one proven ground of divorce over another.'"  Williams v. Williams, 14 Va. App. 217, 220, 415 S.E.2d 252, 253 (1992) (citation omitted).

The evidence proved that the parties had lived separate and apart for more than one year.  Therefore, the trial court's decision was supported by substantial, credible and competent evidence.  The trial court did not err by granting the wife a divorce on the ground of having lived separate and apart for more than one year.

## Custody Award

"In matters concerning custody and visitation, the welfare and best interests of the child are the 'primary, paramount, and controlling consideration[s].'"  Kogon v. Ulerick, 12 Va. App. 595, 596, 405 S.E.2d 441, 442 (1991) (citation omitted).  The trial court is vested with broad discretion to make the decisions necessary to safeguard and promote the child's best interests,

2

and its decision will not be set aside unless plainly wrong or without evidence to support it. <u>Farley v. Farley</u>, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990).

Husband contends that the trial court failed to consider the factors set out in Code § 20.1-124.3, particularly subsection (6), when deciding child custody. That section provides that one of the factors to be considered by the court is "[t]he propensity of each parent to actively support the child's contact and relationship with the other parent, the relative willingness and demonstrated ability of each parent to maintain a close and continuing relationship with the child, and the ability of each parent to cooperate in matters affecting the child." Code § 20.1-124.3(6). In his letter opinion, the judge found that "[wife] has given [husband], as well as the paternal grandparents, access to the child pursuant to the court orders. [Husband] has on several occasions indicated [wife] would never see the child again. I view [husband], at this time, as being very inflexible in cooperating with [wife] in matters affecting the child." Therefore, the record demonstrates that the trial court considered the parents' respective abilities to cooperate as set out in subsection (6).

Husband also contends that the evidence fails to prove that it was in the child's best interests for the wife to be awarded custody. The trial judge found that husband assaulted wife, repeatedly threatened her, and forcibly took the child from her

3

and kept him for two days. Husband threatened to kidnap the child and stated that someone would have to kill him to get the child back. Witnesses testified that wife was a good mother and that it would not be in the child's best interest for husband to have custody. The guardian ad litem and a licensed clinical psychologist who met with the parents and the child recommended that custody be given to wife. Additionally, husband failed to comply with the trial court's order to undergo psychiatric testing.

The judge's letter opinion demonstrates that he considered the statutory factors and made his decision based upon the child's best interests. Therefore, the trial court's decision is not plainly wrong or without evidence to support it.

### Error in Opinion Letters

The parties agreed that during the October 19, 1994 hearing the trial court did not order wife to attend parenting classes or require her companion, Dale Foster, to move out of her apartment. No transcript of that hearing is in the record. Although the court's two letters, dated November 29, 1994, indicate some confusion on these points, the January 9, 1995 order conformed to the parties' recollection of the court's earlier oral ruling. Moreover, in the February 3, 1995 order, the trial court found that Foster's presence in mother's household "is not a factor to disqualify [wife] as the custodial parent in that the relationship between Mr. Foster and the minor child has been

4

shown to be positive and in the child's best interest."

Husband alleges error in connection with a statement contained in a letter dated January 31, 1995. No letter of that date appears in the record. "We will not search the record for errors in order to interpret the [husband's] contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

### Motion to Recuse

"[W]hether a trial judge should recuse himself or herself is measured by whether he or she harbors 'such bias or prejudice as would deny the defendant a fair trial,' and is a matter left to the reasonable discretion of the trial court." Welsh v. Commonwealth, 14 Va. App. 300, 315, 416 S.E.2d 451, 459-60 (1992) (citation omitted). The trial judge's determination will be reversed on appeal only for an abuse of discretion. Terrell v. Commonwealth, 12 Va. App. 285, 293, 403 S.E.2d 387, 391 (1991). "'Merely because a trial judge is familiar with a party and his legal difficulties through prior judicial hearings . . . does not automatically or inferentially raise the issue of bias.'" Deahl v. Winchester Dep't. of Social Servs., 224 Va. 664, 672-73, 299 S.E.2d 863, 867 (1983) (citation omitted).

The trial judge determined that he harbored no prejudice or bias against husband and denied husband's motion to recuse. Husband has pointed to no specific incidents of alleged bias and, after reviewing the record, we find no such instances.

5

Therefore, no proof exists in this record that the trial judge abused his discretion in denying father's motion for recusal.

## Support Arrearages

Child support payments become vested as they accrue, and the court has no authority to modify past-due installments.  Taylor v. Taylor, 10 Va. App. 681, 683, 394 S.E.2d 864, 865-66 (1990). Under Code § 20-108, a support order may be modified with respect to any period during which there is a pending petition for modification.  Husband filed no petition to modify child support.  The trial court did not err by ordering husband to pay the child support arrearages.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.
