COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


ROGER W. FRYDRYCHOWSKI
                                        MEMORANDUM OPINION[*]
v.   Record No. 2086-96-2                   PER CURIAM
                                          APRIL 1, 1997
CHERYL J. FRYDRYCHOWSKI


              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                     Herbert C. Gill, Jr., Judge

              (William K. Grogan; Roger W. Frydrychowski,
              pro se; William K. Grogan & Associates, on
              brief), for appellant.

              (Torrence M. Harman; J. W. Harman, Jr.;
              Harman & Harman, on brief), for appellee.


     Roger W. Frydrychowski (husband) appeals the decision of the

circuit court setting spousal support and deciding other issues.

On appeal, husband contends the trial court erred by (1) reducing

his visitation with the parties' two minor sons; (2) failing to

restore visitation to two days; (3) awarding Cheryl Frydrychowski

(wife) $1,050 in monthly spousal support; (4) finding him liable

for $3,290 in support arrearages; and (5) ordering him to pay

wife's attorney's fees.  Upon reviewing the record and briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

 Rule 5A:27.

─────────────────────
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

## Visitation

"In matters concerning custody and visitation, the welfare and best interests of the child are the 'primary, paramount, and controlling consideration[s].'" Kogon v. Ulerick, 12 Va. App. 595, 596, 405 S.E.2d 441, 442 (1991) (citation omitted). The trial court is vested with broad discretion to make the decisions necessary to safeguard and promote the child's best interests, and its decision will not be set aside unless plainly wrong or without evidence to support it. See Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990).

Husband assigns error to the July 15, 1994 order of the trial court reducing his midweek visitation to one day. We previously ruled that husband's appeal from that order was untimely and we do not revisit that issue in this appeal. See Frydrychowski v. Frydrychowski, Record No. 0461-95-2 (Va. Ct. App. June 20, 1995). Challenges to the trial court's 1994 decision are out of time.

Husband also assigns error to the trial court's refusal to restore two days of visitation. As the party seeking a change in visitation, husband bore the burden to demonstrate a material change in circumstances and that those circumstances warranted a change in visitation. See Ohlen v. Shively, 16 Va. App. 419, 424, 430 S.E.2d 559, 561 (1993). Husband asserted that the two minor children, while apparently doing well under the current arrangement, would be better off if he had greater visitation.

After hearing the parties testify concerning the existing visitation arrangements, the trial court denied husband's motion to change visitation.  The credibility of the witnesses was a matter for the trial court to determine.  The record contains no evidence demonstrating that the trial court's decision was not in the best interests of the children or that it was plainly wrong.

### Spousal Support

> In awarding spousal support, the chancellor must consider the relative needs and abilities of the parties.  He is guided by the nine factors that are set forth in Code § 20-107.1.  When the chancellor has given due consideration to these factors, his determination will not be disturbed on appeal except for a clear abuse of discretion.

Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986).  The record demonstrates that the court considered the statutory factors, including the parties' respective needs and incomes.  Wife was employed full time.  While husband alleged that wife could earn more in another position, he presented no evidence to support his suggestion that wife was underemployed.  Husband has failed to demonstrate an abuse of discretion in the court's order of support.

Husband refers to the "windfall" wife received by payment of child support for the parties' daughter.  Those payments are irrelevant to the court's determination of spousal support.  "Child support and spousal support are separate and distinct obligations based on different criteria."  Lambert v. Lambert, 10 Va. App. 623, 629, 395 S.E.2d 207, 210 (1990).

## Arrearages

Under the existing court order, husband was obligated to pay child support of $1,589 per month for the parties' three minor children. No provision in the award was keyed to the children's reaching majority.

> A trial court may not retroactively modify a child support decree to cancel a support arrearage or to relieve a parent of an accrued support obligation. Past due installments become vested and are not subject to change. A court may only modify a support order to be effective prospectively. The order may be made effective "with respect to any period during which there is a pending petition for modification, but only from the date that notice of such petition has been given to the responding party." Code § 20-108.

Bennett v. Commonwealth ex rel. Bennett, 22 Va. App. 684, 696, 472 S.E.2d 668, 674 (1996) (citing Cofer v. Cofer, 205 Va. 834, 838-39, 140 S.E.2d 663, 666-67 (1965); Taylor v. Taylor, 10 Va. App. 681, 683-84, 394 S.E.2d 864, 865-66 (1990)). Therefore, husband's challenge to the court's finding of an arrearage is without merit.

## Attorney's Fees

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper award of counsel fees is reasonableness under all the circumstances. See McGinnis v. McGinnis, 1 Va. App. 272, 277,

4

338 S.E.2d 159, 162 (1985).  The trial court awarded wife only a portion of her attorney's fees.  We reject husband's characterization that wife's refusal to abide by the parties' visitation agreement after it was rejected by the trial court was "unreasonable."  Her compliance with the existing order was not an unreasonable position adding unnecessarily to litigation costs.  Based on the number of issues involved and the respective abilities of the parties to pay, we cannot say that the award was unreasonable or that the trial judge abused his discretion in making the award.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed</u>.