COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


BOBBY GRAY BALDWIN

v.   Record No. 2122-96-3                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
COMMONWEALTH OF VIRGINIA,                    APRIL 15, 1997
 DEPARTMENT OF SOCIAL SERVICES,
 ex rel. LISA JEANETTE MAY MARTIN


              FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
                    J. Samuel Johnston, Jr., Judge

              (Bryan K. Selz; Overbey, Hawkins and Selz, on
              brief), for appellant.

              (James S. Gilmore, III, Attorney General;
              William H. Hurd, Deputy Attorney General;
              Robert B. Cousins, Jr., Senior Assistant
              Attorney General; Craig M. Burshem, Regional
              Special Counsel; Alice G. Burlinson, Regional
              Special Counsel; Jack A. Maxwell, Special
              Counsel, on brief), for appellee.



      Bobby Gray Baldwin appeals the decision of the circuit court

finding him liable for child support arrearages.  The circuit

court held that a previously entered child support order

requiring Baldwin to pay the child's mother, Lisa Martin, $35 per

week for support of the parties' child did not terminate

automatically when he, the child's father, was given custody in

1982.  The father contends that although the mother regained

custody seven months later, the child support order terminated

when he was granted custody in 1982.  Upon reviewing the record

---

      [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

The parties do not contest the facts. The mother was awarded child custody and $35 per week support in the parties' 1979 divorce decree. In 1982, when their child went to live with the father, the father was awarded full custody. The order was silent as to support. Several months later, in April 1983, the parties were given joint legal custody. However, the order specified that physical custody reverted to the mother at the end of the school year. Again, the order was silent as to support. In May 1983, the child returned to live with the mother, where she stayed until 1993. Father made no payments from October 1982 through May 1985. In May 1985, the father resumed payments, but later again terminated his payments.

The circuit court ruled that the support order did not terminate automatically upon entry of the order changing custody and remained in effect until a subsequent order was entered or the child reached majority. The court credited Baldwin with all payments made to Martin over the years and ruled that Baldwin was not responsible for the payment of support to Martin during the periods when he had physical custody.

A party who is obligated by a court order to pay child support may not unilaterally modify the support payments. See, e.g., Cofer v. Cofer, 205 Va. 834, 839, 140 S.E.2d 663, 667

(1965) ("It is our opinion that our statute [Code § 20-108] does not authorize the court to relieve the delinquent husband of the payment of accrued installments for the support of his children due under the provisions of a former decree or order."); Taylor v. Taylor, 10 Va. App. 681, 683, 394 S.E.2d 864, 865-66 (1990) ("Payments required by the original decree of divorce become vested as they accrue and the court is without authority to make any change as to past due installments.").

The father's responsibility to pay support did not terminate automatically by operation of law upon the change of custody. Nothing in the decree provided for a termination under those circumstances. Although a judge may modify an obligation to pay support "as the circumstances of the parents and the benefit of the children may require, . . . [n]o support order may be retroactively modified, but may be modified with respect to any period during which there is a pending petition for modification, but only from the date that notice of such petition has been given to the responding party." Code § 20-108.

The child spent seven months with the father before returning to her mother's custody. Under the father's theory, his seven months' physical custody relieved him of ten years' worth of payments. He relies on Pace v. Pace, 222 Va. 524, 281 S.E.2d 891 (1981), for that proposition. We find unpersuasive his reliance on that case. Pace decided only that a decree from another state is entitled to full faith and credit "only to the

3

extent that it is not inconsistent with . . . intervening Virginia orders" that address the same issue. 222 Va. at 529, 281 S.E.2d at 894.

The plain language of Code § 20-108 precludes us from allowing any retroactive modification of the support decree. Nothing in the statutory scheme authorizes an automatic termination of support upon the change in custody. Moreover, the various custody orders contain no mention of support, and we may not assume from the silence in the record that the matter was addressed and resolved.

Finally, we note that, the father, in large measure, made monthly payments throughout the years the child was in the mother's custody; in some years, his payments exceeded that required under the support order. The circuit court order credited Baldwin with these payments and relieved him of the responsibility for support during the periods he had physical custody. The parties do not challenge those findings on appeal and we do not address them further.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed</u>.