COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Elder and Bumgardner


HERBERT WILMER WALKER
                                    MEMORANDUM OPINION[*]
v.         Record No. 1266-97-4          PER CURIAM
                                      FEBRUARY 3, 1998
SHARON ANN WALKER MAY


               FROM THE CIRCUIT COURT OF PAGE COUNTY
                      Perry W. Sarver, Judge

            (Ronald R. Tweel; William C. Scott, IV;
            Michie, Hamlett, Lowry, Rasmussen & Tweel, on
            briefs), for appellant.

            (John P. McNeill, on brief), for appellee.


     Herbert Wilmer Walker (Walker) appeals the decision of the

circuit court finding him liable for an arrearage in child

support for his daughter, Christina.  Walker contends that the

trial court erred in finding that (1) he had a continuing

obligation under the March 11, 1991 order to pay child support

beyond when his daughter turned eighteen and graduated from high

school, and (2) the court had jurisdiction to order him to pay

child support for a child no longer entitled to support under

Virginia statutory law.  Upon reviewing the record and briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

 See Rule 5A:27.

     Pursuant to an order entered in November 1988, prior to the

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

enactment of the statutory child support guidelines, Walker paid $300 in child support for Christina to his former wife, Sharon Ann Walker May (May). In December 1990, May sought monthly child support for the parties' son, Shaun, when custody of Shaun switched from Walker to May. By order enter March 11, 1991, the trial court awarded $510 in support "for the support of the two (2) minor children" pursuant to the child support guidelines set out in Code § 20-108.2. Christina reached age eighteen in April 1993 and graduated from high school in June 1993. In June or July 1993, Walker unilaterally reduced his child support payment to $210. He did not seek modification by the court of the existing order. In 1996, May filed a petition to reinstate and a petition to recover an alleged child support arrearage. The trial court ruled that Walker owed $15,948 in unpaid child support and interest under the unmodified 1991 court order.

## Continuing Obligation to Pay

The 1991 child support order set a single child support award for both children as required by the statutory guidelines then in effect. See Richardson v. Richardson, 12 Va. App. 18, 20, 401 S.E.2d 894, 895 (1991). Specifically, the trial court ordered that Walker "pay for the support of the two (2) minor children . . . the sum of Five Hundred Ten Dollars ($510.00) per month . . . ." The increased support was made retroactive as of the time May filed her petition in December 1990. The court's references to separate dollar amounts vis-a-vis Christina and

Shaun merely summarized the circumstances prior to the changed custody arrangement for Shaun. Nothing in the language of the 1991 order setting the monthly payment supports Walker's argument that the court intended its award to be a divisible order of different amounts for the two minor children.

Child support may not be modified retroactively. See Code § 20-108; see also Goodpasture v. Goodpasture, 7 Va. App. 55, 58, 371 S.E.2d 845, 847 (1988). "Should circumstances change requiring alteration in the amount of support, a party's remedy is to apply to the court for relief." Id.; see Fearon v. Fearon, 207 Va. 927, 932, 154 S.E.2d 165, 168 (1967); Taylor v. Taylor, 10 Va. App. 681, 682-84, 394 S.E.2d 864, 865-66 (1990). The March 1991 order contained no provision related to the cessation of support upon either child's reaching the age of majority or graduating from college. Walker could not unilaterally adjust the amount of child support he was required to pay. Therefore, the trial court did not err in finding Walker had a continuing obligation to pay support until further order of court.

<u>Jurisdiction</u>

Unless the parties agree otherwise, child support is available until high school graduation for a child under age nineteen who is a full-time student and not self-supporting. See Code §§ 20-107.2, 20-124.1. It is uncontested that the trial court had jurisdiction to enter its child support order in 1991. The order from which this appeal is taken required payment of an

arrearage based upon the valid, unmodified order.  It is irrelevant that the trial court would have lacked jurisdiction to order the payment of support beyond Christina's minority.  We find no error in the trial court's finding of an arrearage for Christina's support pursuant to the unmodified and extant court order.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.