COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Willis and Bumgardner
Argued at Richmond, Virginia


COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF SOCIAL SERVICES,
 DIVISION OF CHILD SUPPORT ENFORCEMENT,
 o/b/o SARAH CARTER
                                    MEMORANDUM OPINION* BY
v.   Record No. 2860-97-2          JUDGE RUDOLPH BUMGARDNER, III
                                         OCTOBER 6, 1998
DAVID M. BRANCH


              FROM THE CIRCUIT COURT OF HENRICO COUNTY
                      George F. Tidey, Judge

              Janice W. McDaniel, Special Counsel (Susan T.
              Ferguson, Special Counsel; Mark L. Earley,
              Attorney General; Ashley L. Taylor, Jr.,
              Deputy Attorney General; Robert B. Cousins,
              Jr., Senior Assistant Attorney General; Craig
              M. Burshem, Regional Special Counsel, on
              brief), for appellant.

              No brief or argument for appellee.



     The trial court reduced the accrued child support owed by

David M. Branch and disallowed interest on the amount found in

arrears.  The Division of Child Support Enforcement moved the

court to reconsider, and appeals the denial of that motion.

Finding that the court erred, we reverse and enter final

judgment.

     When the parties divorced, the court awarded Sarah Branch

Carter custody of the parties' three children and child support

of $1,200 per month.  The court reduced this amount to $900 per

---

*Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

month in 1991.  After the Division took responsibility for collection of the support, it moved to reinstate and to show cause alleging an arrearage of $14,727.58.  At the hearing the Division proved that the accrued arrears were $16,750 and that interest was $1,112.56.  The trial court acknowledged that it could not revise its child support order of 1991, but found the arrearage to be only $11,150.  It refused interest on the arrears, and allowed the husband to pay the arrears in four annual increments.  The court held the husband in contempt, sentenced him to ninety days in jail, but suspended the sentence conditioned on making the annual payments.

The Division appeals arguing that the husband's arrears were $17,862.56 as of June 11, 1997.  It argues that the reduction was a retroactive modification prohibited by Code §§ 20-74 and 20-108.  In addition, it argues that interest is mandatory unless waived in writing and that the trial court cannot disallow it in this case.  We agree.

The trial court found that the arrearage was $11,150, but the record does not support this.  The record shows the arrearage was $16,750 as of the hearing.  That figure was uncontested, and the husband stipulated that it was correct.  The husband only argued that he made payments of approximately $10,000 to benefit the children and they should offset his support payments.

A court is without authority to modify its decree retroactively and relieve a husband of obligations to pay past

due installments.  See Cofer v. Cofer, 205 Va. 834, 839, 140 S.E.2d 663, 666 (1965); Taylor v. Taylor, 10 Va. App. 681, 683, 394 S.E.2d 864, 866 (1990); Goodpasture v. Goodpasture, 7 Va. App. 55, 58, 371 S.E.2d 845, 847 (1988).  Past due support payments become vested when they accrue and are immune from change.  See Goodpasture, 7 Va. App. at 58, 371 S.E.2d at 847 (citing Cofer, 205 Va. at 839, 140 S.E.2d at 667).

"'[E]ven a court of equity, in an effort to do equity, cannot disregard the provisions of a lawful decree.'"  Fearon v. Fearon, 207 Va. 927, 931, 154 S.E.2d 165, 168 (1967) (quoting Bradley v. Fowler, 192 P.2d 969, 975 (Wash. 1948)).  The supporting parent needs to make payments when due.  See id.  In Fearon, a husband's payments to his children, or on their behalf, were considered a gift or gratuity to the children and could not be credited against his support obligations to his wife.  Child support is not subject to compromise and reduction.

The record is not clear whether the court reduced the arrears because the husband made payments for the benefit of the children.  However, on the record before us that would not be a proper basis to reduce the arrears.  The proper remedy is a motion to modify support because of changed circumstances.  See Goodpasture, 7 Va. App. at 58, 371 S.E.2d at 847.  The husband never made a motion to modify, and we find that the court erred when it reduced the arrears.

All orders for child support arrears must charge interest at

the judgment rate.  See Code § 20-78.2.  Before 1995, "the general rule [was] that in the absence of factors making it inequitable, interest should be assessed on unpaid installments of alimony from the date they mature or become due until the date they are paid."  Alig v. Alig, 220 Va. 80, 85-86, 255 S.E.2d 494, 497-98 (1979) (citation omitted).  The General Assembly amended Code § 20-78.2 effective July 1, 1995, and now the statute states clearly that interest is due on arrears unless waived.  The wife never waived interest, so the trial court erred when it disallowed the request for it.  The record establishes that the interest due was $1,112.56 as of the date of the hearing, June 11, 1997.

We reverse the decision and enter final judgment of $16,750 plus interest of $1,112.56.

Reversed and final judgment.