20

# CIRCUIT COURT OF FAIRFAX COUNTY

Kenneth A. Doyle

v.

Carrol A. Doyle

March 28, 2000

Case No. (Chancery) 127339

By JUDGE ROBERT W. WOOLDRIDGE, JR.

On February 14, 2000, defendant filed a motion for modification of child support *nunc pro tunc* to May 24, 1995. Because I find that this Court lacks jurisdiction to modify the amount of child support owed by defendant to complainant to any time before defendant gave complainant notice of the February 14, 2000, petition, defendant's motion is denied.

The parties were divorced on December 21, 1993. On October 25, 1994, the parties appeared before this Court on complainant's motion for a determination of child support and defendant's motion for visitation. In an order entered January 30, 1995, *nunc pro tunc* to October 25, 1994, Judge Thomas Kenny ordered defendant to pay child support to complainant in the amount of $354 per month, effective July 1, 1994. In the event that defendant failed to make her child support payments, the order permitted complainant to deduct the amount of child support defendant owed him from his monthly spousal support obligation of $1,350, which was to terminate on December 31, 1996. The order further required both parties to submit joint stipulations of income to the Court by April 3, 1995, required both parties to submit all indicia of income to each other by March 1, 1995, and required defendant to submit a written plan to the Court for her repayment of arrears accrued between July and October 1994. The Court set the matter for review in April 1995 with the expectation that defendant would obtain employment by that time. See Transcript of October 25, 1994, Hearing.

On April 17, 1995, the Court held a hearing to review defendant's child support obligation. On May 29, 1995, Judge Kenny entered an order *nunc pro tunc* to April 17, 1995, finding that the defendant had not complied with the Court's January 30, 1995, order. Although defendant did not yet have job, the Court imputed to her an annual income of $16,000. In addition, defendant was to receive $16,200 in spousal support per year until December 31, 1996, making her gross income $32,200 per year. The Court ordered an increase in defendant's child support obligation to $834 per month and provided that complainant could continue to deduct this amount from his spousal support obligation. The order again required both parties to exchange financial information and to provide a stipulation of income to the Court. The last paragraph provides "in the event that counsel and/or the parties are unable to agree on the child support figure, this matter shall be determined by this Court and counsel are directed to set a date certain forthwith." At the bottom of the order, Judge Kenny wrote by hand that a date certain was set for November 8, 1995.

On October 17, 1995, complainant's attorney sent the Court a letter asking that the November 8, 1995, hearing be removed from the docket because defendant had not yet provided complainant with her financial information. On October 26, 1995, defendant, who was no longer represented by counsel, sent the Court a letter asking the Court to remove the November 8, 1995, hearing from the docket and to "suspend child support and conduct another hearing in one year" because, by that time, she would be "mentally and physically able to attend." As a result of these two letters, the November 8, 1995, hearing never took place.

Section 20-108 of the Virginia Code provides that, after entering a decree regarding child support, custody, or visitation:

> The Court may . . . on petition of either of the parents, or on its own motion or upon petition of any probation officer or superintendent of public welfare, which petition shall set forth the reasons for the relief sought, revise and alter such decree concerning the care, custody, and maintenance of the children and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children may require . . . .
>
> No support order may be retroactively modified, but may be modified with respect to any period during which there is a pending petition for modification, but only from the date that notice of such petition has been given to the responding party.

1950 Va. Code, § 20-108 (Michie 1992).

Defendant argues that the Court's May 29, 1995, order amounts to a *sua sponte* motion to review defendant's child support obligation when complainant's spousal support obligation ceased in December 1996. Defendant argues that the reduction of child support need not be initiated by a written petition. Rather, under § 20-108, the Court may, on its own motion, revise its own support order. Complainant had notice of the Court's motion since May 29, 1995. Because the Court made its own motion to revisit defendant's child support obligation with its May 29, 1995, order, and because the Court never ruled on its own motion, the motion has been pending since May 29, 1995, and the Court may now modify child support obligation *nunc pro tunc* to that date. In support of her position, defendant relies on the following: (1) notes taken by Judge Kenny's Court clerk at the April 17, 1995, hearing, which include the phrase "parties review defendant's situation after alimony ends"; (2) the October 17, 1995, letter complainant's attorney sent to the Court, asking it to remove the November 8, 1995, hearing from the docket and asking that the hearing be continued "until Mr. Doyle's spousal support obligation terminates in December 1996"; and (3) the October 26, 1995, letter defendant sent the Court which "clearly demonstrates that [defendant] had not abandoned her request to reduce child support based upon the changed circumstances including reduction of her income when alimony stopped." See Def. Memorandum at 2.

Defendant's argument is flawed for several reasons. First, the second paragraph of § 20-108 states that a support order may be modified with respect "to any period during which there is a pending *petition* for modification." 1950 Va. Code § 20-108 (emphasis added). Section 20-108 makes no mention of *nunc pro tunc* modification for a period of time in which a Court's own motion is pending. Furthermore, the petition must "set forth the reasons for the relief sought. In this case, the defendant seeks modification due to the termination of complainant's spousal support obligation. Defendant concedes that she did not file a petition for modification due to the termination of spousal support until February 14, 2000. Thus, under the plain language of § 20-108, this Court does not have jurisdiction to modify her support obligation *nunc pro tunc* to any time prior to February 14, 2000.

Second, defendant's characterization of Judge Kenny's May 29, 1995, order is unpersuasive. It is clear from the January 20, 1995, order that the sole purpose of the April 1995 hearing was to examine defendant's child support obligation after she had exchanged financial information with complainant, provided a stipulation of income to the Court, outlined a plan for payment of arrearages, and obtained a job. The January 20, 1995, does not indicate that the Court had any intention of addressing the termination of spousal support

at the April 1995 hearing. Furthermore, it is clear from the May 29, 1995, order that the only reason the Court set the November 8, 1995, hearing was because defendant had still failed to provide the financial information required by the January 20, 1995, order. The May 29, 1995, order makes no mention of the eventual termination of spousal support, but rather states, "In the event that counsel and/or the parties are unable to agree on the child support figure, this matter shall be determined by this Court. . . ." The purpose of the November 8, 1995, hearing was to give both parties the opportunity to argue that the amount of child support included in the May 29, 1995, order should be modified *due to defendant's current income*, not due to the termination of spousal support, which did not occur until more than one year after November 8, 1995.[1]

Third, although the October 17, 1995, letter from complainant's attorney to the Court asks the Court to "continue" the November 8, 1995, hearing until defendant's spousal support terminates, the letter does not support defendant's argument that the Court intended to address this issue at the November 8, 1995, hearing. In fact, the letter later states that the November 8, 1995, hearing was set "based on the low amount of income imputed to Mrs. Doyle at the April hearing, with the expectation that in six months she would in fact have employment." Letter to Judge Thomas Kenny from Arlene Starace, October 17, 1995.

Finally, while § 20-108 allows a Court to "revise and alter" a previous support order and "make a new decree concerning the same," a trial court may not retroactively modify a child support order to cancel support arrearages that have already accrued. See *Cofer v. Cofer*, 205 Va. 834, 838, 140 S.E.2d 663 (1965); see also *Taylor v. Taylor*, 10 Va. App. 681, 683, 394 S.E.2d 864 (1990). Support payments become vested as they accrue. See *Cofer* at 838.

---

[1] Defendant's reliance on the Court clerk's notes from the April 17, 1995, hearing is misplaced. That the Court mentioned the defendant's right to seek modification when her spousal support ended does not amount to a "motion" by the Court to amend defendant's child support obligation. Indeed, the clerk's notes state "parties review defendant's situation after alimony ends," indicating that it would be up to one of the *parties* to initiate such a review by petition.

The effect of the modification defendant seeks would be to cancel an accrued support obligation. According to case law, this Court is without the authority to enter such an order. Defendant remains liable for the full amount of the arrearages accrued between December 1996 and, at the earliest, February 14, 2000.