COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Humphreys and Powell
Argued at Richmond, Virginia


DANIEL G. CHRETIEN

                                                              OPINION BY
v.       Record No. 1379-08-2              JUDGE ROBERT J. HUMPHREYS
                                                           DECEMBER 30, 2008
LYNDA RAE CHRETIEN


FROM THE CIRCUIT COURT OF ORANGE COUNTY
Daniel R. Bouton, Judge

(John G. Berry; Berry & Early, on brief), for appellant.  Appellant
submitting on brief.

William C. Scott IV (Michie Hamlett Lowry Rasmussen & Tweel,
on brief), for appellee.


        Daniel E. Chretien ("husband") appeals the division of property made by the circuit court

pursuant to his divorce from Lynda Rae Chretien ("wife").  Husband claims that the circuit court

erred by failing to award him part of a personal injury recovery wife received during the

marriage.  For the following reasons, we affirm.

I.  BACKGROUND

        On appeal, we view the evidence in the light most favorable to wife, the party prevailing

below.  Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003).  So viewed,

the evidence in this case establishes the following.

        Husband and wife were married on June 7, 2003.  On July 4, 2003, the couple was in a

motorcycle accident.  At the time of the accident, husband was driving the motorcycle and wife

was riding behind him.  The accident occurred when husband allowed the motorcycle to stray

across the road's center dividing line and struck an oncoming vehicle. Both parties sustained serious injuries in the accident.

Husband had insurance policies with Progressive and State Farm Insurance Companies. Wife had an insurance policy with Infinity. Wife pursued claims with all three companies and ultimately received a total of $149,928.57. With the assistance of a financial advisor, wife deposited the money she had received into accounts created in her name alone. At the time of the divorce, wife had approximately $129,000 remaining from the personal injury recovery.

On August 1, 2006, wife filed for divorce. Both parties claimed that they should receive at least a portion of the personal injury recovery as part of equitable distribution. Specifically, the parties argued over whether the circuit court should classify the personal injury recovery as marital or separate property. Code § 20-107.3 provides: "In the case of any personal injury or workers' compensation recovery of either party, the marital share as defined in subsection H of this section shall be marital property." Code § 20-107.3(H) defines "marital share" as

> that part of the total personal injury or workers' compensation recovery attributable to lost wages or medical expenses to the extent not covered by health insurance accruing during the marriage and before the last separation of the parties, if at such time or thereafter at least one of the parties intended that the separation be permanent.

Wife argued that, because Code § 20-107.3 explicitly provides that the marital share is marital property, all proceeds from the recovery that are not part of the marital share are separate property. Husband argued that nothing in the statute mandates that the non-marital share of the personal injury recovery is separate property. He reasoned that such proceeds are subject to the presumption that all property acquired during a marriage is presumed to be marital property. See von Raab v. von Raab, 26 Va. App. 239, 248, 494 S.E.2d 156, 160 (1997).

The circuit court held that personal injury recoveries are presumptively separate property. The court found that husband failed to overcome that presumption or to show that he

substantially increased the value of the recovery through his personal efforts. Alternatively, the court found that, even if the personal injury recovery is presumed to be marital property, wife overcame that presumption and proved that the proceeds are separate.

The court also provided a second alternative holding, in case it was incorrect in classifying the recovery as separate property. In the final decree of divorce, the court wrote:

> [S]hould the Court be incorrect and the Proceeds are marital by virtue of the fact that they were received during the marriage, then the Court must consider the factors pursuant to Va. Code Ann. § 20-107.3(E) in determining how to divide the Proceeds. The Court has considered all of the factors pursuant to Va. Code Ann. § 20-107.3(E) in making its award. Specifically, factor 11 is compelling. The Court believes [wife's] testimony as to how the accident occurred and hereby finds that [husband] was negligent and caused the accident. If the Proceeds are marital, then the Court hereby awards all of the Proceeds to [wife] because of [husband's] negligence and finds that it would not be equitable to award any of the Proceeds to [husband] as he caused the tort that led to the serious injuries suffered by [wife].

Husband now appeals.

## II. ANALYSIS

On appeal, husband makes two arguments. First, he claims that the circuit court erred in holding that the personal injury recovery is separate property. Second, he claims that, even if the personal injury recovery is separate property, he was entitled to a portion of the recovery because his efforts substantially increased the amount of the recovery. We agree with husband that the circuit court erred by classifying the personal injury recovery as wholly separate. However, we affirm the court's judgment because that error is harmless.

### A. Classification of the Personal Injury Recovery

Code § 20-107.3(A) requires that the circuit court determine "the ownership and value of all property, real or personal, tangible or intangible, of the parties and shall consider which of such property is separate property, which is marital property, and which is part separate and part

- 3 -

marital property." Code § 20-107.3(A) specifically provides for the classification of personal injury recoveries received during the marriage. It states: "The court shall classify property as part marital property and part separate property as follows: . . . c. In the case of any personal injury or workers' compensation recovery of either party, the marital share as defined in subsection H of this section shall be marital property." Code § 20-107.3(A)(3). Subsection H provides:

> "Marital share" means that part of the total personal injury or workers' compensation recovery attributable to lost wages or medical expenses to the extent not covered by health insurance accruing during the marriage and before the last separation of the parties, if at such time or thereafter at least one of the parties intended that the separation be permanent.

Code § 20-107.3(H). The statute expressly provides that a personal injury recovery is part marital and part separate property, and identifies the part of a personal injury recovery that is definitively marital property. Id. The statutory scheme also makes clear that the remainder of the recovery is separate property. See Code § 20-107.3(A)(1) (defining as separate property "that part of any property classified as separate pursuant to subdivision A3"). Thus, in order to divide the recovery into its separate and marital parts, the circuit court must first determine what part of the recovery was attributable to lost wages and medical expenses not covered by health insurance, and classify this portion as marital property. The remainder of the recovery, if any – that portion *not* "attributable to lost wages or [unreimbursed] medical expenses" – is separate property.

We hold that, due to the overall presumption in favor of marital property, see von Raab, 26 Va. App. at 248, 494 S.E.2d at 160, wife bore the burden of proving that some or all of the personal injury recovery was separate property.[1] Wife offered into evidence a letter from each

---

[1] This position is consistent with other hybrid property cases where the burden of proof has been addressed. In Rahbaran v. Rahbaran, 26 Va. App. 195, 208, 494 S.E.2d 135, 141

- 4 -

of the three insurance companies notifying her of the recovery. The letter from Progressive stated that wife's recovery was for "injuries resulting from the motorcycle accident." The letter from Infinity stated that it "agreed to conclude [wife's] claim for $21,428.57." The letter did not specify the basis of the recovery. The letter from State Farm Insurance Company stated that it was awarding her a recovery "for the settlement of your injury claim as a result of this accident." None of the information wife presented from the insurance companies identified whether any part of her recovery was for lost wages or uncompensated medical expenses.

Further, while wife did testify that the $103,500 was specifically for "her injuries" her own testimony actually tended to show that her recovery from Progressive and State Farm *was* to compensate for lost wages and medical expenses. In response to the question, "To [Progressive and State Farm], did you have to provide any documentation?," wife responded, "Yes. All my medical insurance – I mean, all my medical bills and work income and how long I was out, all those forms." Wife did not testify regarding any other information that she provided to the insurance companies.

Since wife presented no evidence proving that any of the personal injury recovery was attributable to anything other than lost wages or uncompensated medical expenses, she failed to overcome the presumption in favor of marital property. Thus, the circuit court erred by classifying the personal injury recovery as separate property.

---

(1997), we held that "[i]n order to trace the separate portion of hybrid property, a party must prove that the claimed separate portion is identifiabl[e] . . . ." Similarly in a pension case, where the statutory language is almost identical to the language governing personal injury awards, this Court placed the burden of proof on the husband to show which portion of the retirement plan was his separate property. See Frazier v. Frazier, 23 Va. App. 358, 371, 477 S.E.2d 290, 296 (1996).

B. Harmless Error

The fact that the circuit court erred in classifying the personal injury recovery as separate property does not mean that such error mandates reversal. The court's error is only reversible if it "substantially swayed" the judgment. Billips v. Commonwealth, 274 Va. 805, 810, 652 S.E.2d 99, 102 (2007). In light of the circuit court's alternative ruling, it is clear that the error had no effect on the ultimate judgment. The circuit court specifically found that, if the personal injury recovery was marital property, it would have awarded the entire amount to wife pursuant to Code § 20-107.3(E). So long as that basis for the award is proper, the court's error in classifying the property is harmless because the court would have reached the same result had it classified the recovery properly.

When dividing marital property, circuit courts are required to consider all of the factors enumerated in Code § 20-107.3(E). However, "'[w]hat weight, if any, to assign to this [or that] factor in the overall decision lies within the trial court's sound discretion.'" Robbins v. Robbins, 48 Va. App. 466, 481, 632 S.E.2d 615, 622 (2006) (quoting Owens v. Owens, 41 Va. App. 844, 859, 589 S.E.2d 488, 496 (2003)) (second alteration in original). Circuit courts have "broad discretion" to make an equal or disparate division as long as they consider the factors in Code § 20-107.3(E). Marion v. Marion, 11 Va. App. 659, 663, 401 S.E.2d 432, 435 (1991). Moreover, "Virginia law does not establish a presumption of equal distribution of marital assets." Matthews v. Matthews, 26 Va. App. 638, 645, 496 S.E.2d 126, 129 (1998).

In awarding the personal injury recovery to wife, the circuit court explicitly stated that it had "considered all of the factors pursuant to [] Code [] § 20-107.3(E)." Using its discretion, it gave the most weight to factor 11. Factor 11 gives the court discretion to consider "[s]uch other factors as the court deems necessary or appropriate to consider in order to arrive at a fair and equitable monetary award." Code § 20-107.3(E)(11). The circuit court held that, under factor

11, it would be inequitable to award husband any of the personal injury recovery because his negligence caused the injury that led to the recovery. That finding was within the discretion of the circuit court and is supported by credible evidence. Thus, the circuit court did not abuse its discretion by awarding the personal injury recovery to wife because of husband's negligence.[2]

Because the circuit court would have reached the same result if it had properly classified the personal injury recovery as marital property, its error in classifying the recovery as separate property is harmless.

### III. CONCLUSION

For all of the reasons stated above, we hold that the circuit court erred by classifying the personal injury recovery as separate property. However, that error was harmless because the circuit court held that, even if the personal injury recovery should have been classified as marital property, it would nevertheless have reached the same result by applying the factors delineated by Code § 20-107.3(E). Therefore, we affirm the decision of the circuit court.

<u>Affirmed.</u>

---

[2] Having decided this case under the doctrine of harmless error, we note that it would have been improper to decide this case by assuming without deciding that the circuit court erred in classifying the recovery as separate property. Husband argued that even if the recovery was separate property, he was entitled to at least a portion of the recovery because he contributed to its growth. <u>See</u> Code § 20-107.3(A)(3) ("In the case of income received from separate property during the marriage, such income shall be marital property [] to the extent it is attributable to the personal efforts of either party."). Therefore, it was necessary for us to determine how the recovery should have been classified.