COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Frank and Petty
Argued at Richmond, Virginia


JOSEPH ANTHONY STROUD

                                                            OPINION BY
v.       Record No. 1135-08-4                    JUDGE ROBERT P. FRANK
                                                            JUNE 16, 2009
DEBRA LYN STROUD


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                                    Leslie M. Alden, Judge

              James Ray Cottrell (John K. Cottrell; Cottrell, Fletcher, Schinstock,
              Bartol & Cottrell, P.C., on briefs), for appellant.

              James A. Watson II (Richard J. Colten; Robert M. Worster III;
              Colten Cummins Watson & Vincent P.C., on brief), for appellee.


        Joseph Anthony Stroud, husband, appeals the trial court's ruling denying him an award of

attorney's fees on remand from a decision of this Court in Stroud v. Stroud, 49 Va. App. 359,

641 S.E.2d 142 (2007) (hereinafter "Stroud I").  He contends the trial court erred in finding:

1) husband's claim for attorney's fees and costs pursuant to Paragraph 28 of the property

settlement agreement between him and Debra Lyn Stroud, wife, was barred by *res judicata*

and/or collateral estoppel; (2) the mandate of this Court limited the trial court's authority on

remand, thus barring an award of attorney's fees and costs based on his successful enforcement

of the parties' property settlement agreement in the Court of Appeals; and (3) wife was not in

default or otherwise failed to abide by the terms of the property settlement agreement.

        For the reasons stated, we affirm.

BACKGROUND

The parties were divorced by final decree entered April 7, 1999, which ratified, affirmed, and incorporated a property settlement agreement dated March 22, 1999 (hereinafter "PSA"). The PSA provided for the payment of spousal support to wife from husband with the limitations set forth in Paragraph 11(B):

> [T]he aforesaid payment shall end upon the death of either party, the remarriage of Debby and/or her cohabitation with any person to whom she is not related by blood or marriage in a situation analogous to marriage for a period of thirty (30) or more continuous days, or with the payment due on February 25, 2009, whichever event first occurs.

The PSA also provided in Paragraph 15(A) that each party would be responsible for their own attorney's fees and costs incurred as a result of the filing of the divorce, yet Paragraph (B) provided:

> Nothing contained herein will bar or prevent either party from seeking, or any court from awarding, counsel fees in the event of breach or application for modification of this Agreement.

Paragraph 28 of the PSA provided:

> DEFAULT BY PARTY. Should either Joe or Debby fail to abide by the terms of this Agreement, the defaulting party will indemnify the other for all reasonable expenses and costs, including attorney's fees, incurred in successfully enforcing this Agreement.

Husband later learned wife was cohabitating with another person to whom she was not related by blood in a situation analogous to marriage. He believed this was a termination event under Paragraph 11(B) of the PSA. Husband's counsel wrote to wife, advising her that husband would cease paying spousal support. She received her last payment on January 25, 2005.

On April 20, 2005, wife filed a petition for enforcement of court order and sought a rule to show cause alleging husband violated the final decree and PSA by failing to pay spousal support. On September 21, 2005 wife filed a motion for judgment for a $24,000 arrearage upon

the same basis. Husband defended by contending his obligation to pay spousal support terminated upon wife's cohabitation with another woman.

In Stroud I, the trial court found as a matter of law that people of the same sex cannot cohabit under Virginia law in a situation analogous to marriage. Alternatively, the trial court found husband had not met his burden to prove cohabitation analogous to marriage. Therefore, the trial court found husband had a continuing duty to pay spousal support. Further, the trial court denied each party an award of attorney's fees because the evidence was "in equipoise" and "the issue was close enough."

Husband filed objections to the decree, entered December 9, 2005, embodying the trial court's rulings. Husband objected, *inter alia*, to the trial court's failure to award him attorney's fees pursuant to the terms of the final decree of divorce and the PSA.

Husband appealed the trial court's judgment to this Court contending the trial court erred in finding husband had not proven cohabitation and in finding, as a matter of law, that individuals of the same sex cannot cohabit in a situation analogous to marriage.[1] Wife assigned error to the trial court's failure to award her attorney's fees.

In Stroud I, 49 Va. App. at 379, 641 S.E.2d at 151, we held "the trial court erred in concluding that, for the purposes of interpreting the contract between husband and wife, same sex individuals may not cohabit in Virginia as a matter of law." This Court remanded the case to the trial court "for entry of a decree conforming to this opinion." Id. We also affirmed the trial court's failure to award wife attorney's fees, finding no abuse of discretion. Id. at 380, 641 S.E.2d at 152.[2]

---

[1] Husband did not appeal the trial court's failure to award him attorney's fees, but prayed for an award of attorney's fees and costs for the appeal. We did not address the latter in Stroud I.

[2] This ruling was based not on the terms of the PSA (Paragraph 28), but on the general law awarding attorney's fees upon a consideration of "the circumstances and equities of the

On remand, husband filed a motion for an award of attorney's fees and costs, pursuant to the terms of the PSA, contending that since he prevailed on appeal, he successfully enforced the terms of the PSA. He sought attorney's fees and costs for the previous proceedings and for "attorneys' fees incurred with respect to successfully enforcing the parties' Agreement."

Wife filed a plea in bar, arguing husband's motion for attorney's fees and costs was barred by "the mandate rule and/or law of the case doctrine; *res judicata*; collateral estoppel; and the doctrine of estoppel by inconsistent positions, i.e., judicial estoppel."

The trial court, on February 28, 2008, sustained wife's plea in bar. In a written order entered on April 10, 2008 the trial court concluded:

> (a) [Husband] is precluded by the bar of *res judicata* and/or collateral estoppel from here relitigating a request for attorney's fees and costs incident to the prior litigation and on appeal, where an award of such fees and costs was the subject of unappealed former adjudications, in the prior litigation before this Court and incident to [husband's] appeal to the Court of Appeals of Virginia, expressly and/or impliedly denying relief. And
>
> (b) In the alternative, and in addition, under the facts and circumstances of this case, that [wife's] actions in the prior litigation, as demonstrated by the record in this cause and in briefing and oral argument, do not support a finding, as a matter of law, that the [wife] committed a breach or default of, or otherwise failed to abide by the terms of the parties' written Agreement or any duty imposed by law, in a manner that would entitle the [husband] to an award of fees and costs pursuant to Paragraph 28 of the said Agreement.

This appeal follows.

---

entire case." Stroud I, 49 Va. App. at 379, 641 S.E.2d at 152 (citing Gamer v. Gamer, 16 Va. App. 335, 346, 429 S.E.2d 618, 626 (1993)).

ANALYSIS

Husband argues that wife defaulted pursuant to Paragraph 28 of the PSA by filing the petition to enforce spousal support in contravention of the terms of the agreement. He reasons that she "failed to abide by the terms of the contract" by making a demand for spousal support that was not in conformance with the PSA. Thus, says husband, he had to expend large sums of money to defend his rights under the PSA. Wife responds that husband was not entitled to unilaterally modify the terms of the PSA and that if he sought to enforce the "cohabitation" clause, he should have applied to the trial court for adjudication of that issue. Thus, she claims she had no choice but to initiate proceedings for resolution of the issue. We agree with the wife and conclude wife was not in default by bringing the action to enforce the PSA.

On appeal, the trial court's findings of fact are accorded great deference and its judgment will not be set aside unless plainly wrong or without evidence to support it. Bandas v. Bandas, 16 Va. App. 427, 432, 430 S.E.2d 706, 708 (1993). However, "[t]he trial court's interpretation of [a] PSA is an issue of law that we review *de novo*." Stacy v. Stacy, 53 Va. App. 38, 43, 669 S.E.2d 348, 350 (2008) (*en banc*).

The parties entered into a PSA that was affirmed, ratified, and incorporated into the April 7, 1999 final divorce decree. Thus, the final decree "embodied and enforced . . . a negotiated agreement between the parties vesting" husband with a "contractual right" to terminate wife's spousal support in the event that wife habitually cohabitated with another person in a relationship analogous to a marriage for thirty days or more. Baldwin v. Baldwin, 44 Va. App. 93, 98, 603 S.E.2d 172, 174 (2004). Furthermore, "[t]he decree's contractual character places it within the general rule recognizing that vested contractual rights — whether incorporated by, memorialized in, or merged into a final decree — 'cannot be judicially modified or terminated at the unilateral request of a contract party unless the agreement expressly authorizes such relief.'" Id. at 99, 603

S.E.2d at 174 (quoting Newman v. Newman, 42 Va. App. 557, 568-69, 593 S.E.2d 533, 539 (2004) (*en banc*)).

> [I]t is the obligation of the divorced husband to pay the specified amounts according to the terms of the decree and that he should not be permitted to vary these terms to suit his convenience. [When circumstances change], and warrant a change in the terms of the decree . . . [husband's] remedy is to apply to the court for such relief. To permit him to increase the amount of the specified payments at one time, reduce them at another, and require an adjustment of the differences in the future, would lead to continuous trouble and turmoil.

Newton v. Newton, 202 Va. 515, 519, 118 S.E.2d 656, 659 (1961). "Although the Newton case involves a child support decree, the 'rule applies to awards of spousal support or to unitary awards for spousal support and independent child support.'" Sanford v. Sanford, 19 Va. App. 241, 246, 450 S.E.2d 185, 188 (1994) (quoting Taylor v. Taylor, 14 Va. App. 642, 646, 418 S.E.2d 900, 902 (1992)).

"Support agreements that are voluntarily made by the parties are subject to the same rules of construction applicable to contracts generally." Goldin v. Goldin, 34 Va. App. 95, 107, 538 S.E.2d 326, 332 (2000). Consequently, where, as here, the terms of the agreement are unambiguous, courts must "adhere to the plain meaning of [the agreement's] stated terms," Southerland v. Estate of Southerland, 249 Va. 584, 588, 457 S.E.2d 375, 378 (1995), and may not "'read into [the agreement] language which will add to or take away from the meaning of the words already contained therein.'" Id. at 590, 457 S.E.2d at 378 (quoting Wilson v. Holyfield, 227 Va. 184, 187, 313 S.E.2d 396, 398 (1984)).

Termination of wife's spousal support, if she allegedly cohabits with another in a relationship analogous to marriage, is not self-executing. Resolution of this issue is governed by the interpretation of the words "cohabitation" and "situation analogous to marriage," terms undefined in the property settlement agreement, yet the subject of litigation in our appellate

- 6 -

courts.  See Schweider v. Schweider, 243 Va. 245, 248, 415 S.E.2d 135, 137 (1992) (concluding that "cohabit" means "to live together in the same house as married persons live together, or in the manner of husband and wife"); Penrod v. Penrod, 29 Va. App. 96, 101, 510 S.E.2d 244, 246 (1999) (finding "'cohabitation' must be based upon evidence concerning the overall nature of the relationship, not merely a piecemeal consideration of individual factors such as its sexual or financial components"); Frey v. Frey, 14 Va. App. 270, 272, 416 S.E.2d 40, 41 (1992) (reversing the trial court's ruling that "cohabitation analogous to a marriage" necessarily requires an agreement or arrangement between the parties in regard to financial support).

Thus, it is clear that the terms "cohabitation" and "analogous to marriage," as contained in the PSA, have a "precise legal meaning," Frey, 14 Va. App. at 273, 416 S.E.2d at 42, and are therefore subject to judicial interpretation.  Only if and until a court makes such a determination, is husband entitled to discontinue making support payments under the terms of the agreement.

Based on the foregoing, we conclude that a provision can be self-executing only when the triggering event is empirically determined, such as a date certain, reaching a specific age, or death.[3]  On the other hand, provisions that require subjective determinations, such as elements of proof, interpretation, or witness credibility, cannot be self-executing simply because of the need for judicial resolution.  Thus, we hold the provision of the PSA regarding termination of spousal support was not a self-executing provision and that husband was not entitled to unilaterally terminate support payments without seeking entry of a proper court order.  Once husband independently withheld support payments, wife had no choice but to seek a judicial remedy and have the trial court determine if she was cohabitating in a situation analogous to marriage.  Thus,

---

[3] We emphasize that this is not an exclusive list of empirically determined triggering events.

- 7 -

we find that wife's enforcement of the agreement was not a default, but a proper means of seeking recourse in what she believed was non-compliance with the PSA.

Here, Paragraph 28 of the PSA expressly provides for reasonable attorney's fees when a party is in default by "fail[ing] to abide by the terms of this Agreement." "The noun 'default' is defined as a 'failure to do something required by duty or law.'" Clevert v. Soden, Inc., 241 Va. 108, 111, 400 S.E.2d 181, 183 (1991) (quoting Webster's Third New International Dictionary 590 (1986)) (holding that breach in performing contract would be default). Appellant claims that "failing to abide" is broader in scope than simply defaulting, namely, that "failing to abide" encompasses affirmative acts such as bringing an action against husband in contravention of the terms of the PSA. We find this to be a distinction without a difference, as we conclude that under either definition, wife's actions were not a breach of the PSA. Thus, Paragraph 28 of the PSA is not applicable here. See O'Hara v. O'Hara, 45 Va. App. 788, 799, 613 S.E.2d 859, 865 (2005) (affirming the trial court's ruling that a provision in the settlement agreement providing for attorney's fees "in the event that either party defaults" was inapplicable because the case "involved[d] a proceeding to modify or terminate the spousal support award" and, thus, was not a proceeding to enforce a default in the performance of the agreement). Thus, husband was not entitled to attorney's fees because wife was not in default in the performance of any provision of the agreement. Accordingly, the trial court did not err by refusing to award attorney's fees to husband based upon Paragraph 28 of the PSA.

Accordingly, the decision of the trial court is affirmed.[4]

Affirmed.

---

[4] Assuming without deciding that the trial court erred regarding *res judicata*/collateral estoppel and the trial court's limited authority pursuant to this Court's mandate in Stroud I, we find that such error was harmless and does not require reversal. See Chretien v. Chretien, 53 Va. App. 200, 206-07, 670 S.E.2d 45, 49 (2008). The court's error is only reversible if it "substantially swayed" the judgment. Billips v. Commonwealth, 274 Va. 805, 810, 652 S.E.2d 99, 102 (2007). In light of the trial court's alternative ruling that husband was not entitled to attorney's fees and costs because wife was not in default, it is clear that the procedural error had no effect on the ultimate judgment. Because the trial court would have reached the same result even if it had found for husband on the procedural issues, any error in finding husband's motions were barred is harmless.