O’BRIEN, J.,
dissenting.
I agree with the majority that the terminating provision of the agreement in this case was not self-executing because a judicial determination was required to establish whether the terminating event occurred. I respectfully dissent from the majority’s holding, however, because the trial court did not have the authority to retroactively terminate the already-vested and accrued spousal support obligation. Accordingly, I would affirm the trial court’s ruling.
The majority acknowledges that Code § 20-109(A) allows a court to modify or terminate spousal support “that may thereafter accrue.” (Emphasis added). Code § 20-112 adds that a support order may be modified or terminated “only from the date that notice of [a] petition [for modification or termination] has been given to the responding party.” There is no authority that allows a court to retroactively modify or *272 terminate spousal support. In fact, the Supreme Court repeatedly has held to the contrary. See Reid v. Reid, 245 Va. 409, 414, 429 S.E.2d 208, 211 (1993); Cofer v. Cofer, 205 Va. 834, 838, 140 S.E.2d 663, 666 (1965) (“[I]n the absence of statute, payments exacted by the original decree of divorce become vested as they accrue and the court is without authority to make any change as to past due installments.”), rev’d on other grounds by Singh v. Mooney, 261 Va. 48, 541 S.E.2d 549 (2001).[7]
Unpaid spousal support is a vested property right. “It is ... well established that the moment each installment falls due and unpaid it becomes a vested property right and is immune from modification.” Bennett v. Commonwealth, Dep’t of Soc. Servs., 15 Va.App. 135, 144, 422 S.E.2d 458, 463 (1992); see also Goodpasture v. Goodpasture, 7 Va.App. 55, 58, 371 S.E.2d 845, 847 (1988) (“Parties cannot contractually modify the terms of a support order without the court’s approval. Nor does a party’s passive acquiescence in nonpayment of support operate to bar that party from later seeking support arrearages. Should circumstances change requiring alteration in the amount of support, a party’s remedy is to apply to the court for relief.” (emphasis added)); Smith v. Smith, 4 Va. App. 148, 152, 354 S.E.2d 816, 818-19 (1987) (“[C]ourt-ordered [spousal] support becomes vested when it accrues and the courts are without authority to make any change with regard to arrearages.”).
*273 The majority asserts, however, that Code § 20-109(C) allows a court to retroactively terminate spousal support payments even when a terminating provision is not self-executing, stating that this statute requires the trial court to “honor the agreement” between the parties. However, this is a strained reading of the statute. Code § 20-109(C) only allows a court to incorporate and enforce a property settlement agreement as part of a final decree. Nothing in Code § 20-109(C) permits a party to unilaterally cease making spousal support payments, if the terminating event is not self-executing. Likewise, nothing in Code § 20-109(C) grants the court the authority to make any change to past due installments. Unless an agreement incorporated into a decree involves a child or spousal support provision that is self-executing, a party who wishes to modify or terminate a support obligation must apply to the court for modification. We have held that “[i]t is the obligation of the divorced husband to pay the specified amounts according to the terms of the decree____ [When circumstances change, to] warrant a change in the terms of the decree ... [the husband’s] remedy is to apply to the court for such relief.” Sanford v. Sanford, 19 Va.App. 241, 246, 450 S.E.2d 185, 188 (1994) (alterations in original) (quoting Newton v. Newton, 202 Va. 515, 519, 118 S.E.2d 656, 659 (1961)).
The majority agrees that the cohabitation terminating provision at issue in this agreement was not self-executing. In fact, a contested hearing was held and the court made certain findings regarding cohabitation. As this Court noted, “[A] provision can be self-executing only when the triggering event is empirically determined, such as a date certain, reaching a specific age, or death.” Stroud v. Stroud, 54 Va.App. 231, 238, 677 S.E.2d 629, 632 (2009).
The majority attempts to distinguish Stroud because that case addressed the issue of payment of attorney’s fees. However, the awarding of attorney’s fees turned on precisely the same issue that we address here: “[D]oes a former husband continue to owe monthly spousal support past the point of a particular contingency’s event, which, under the agreement, terminated the support obligation?” Supra at 270, 777 S.E.2d *274 at 227. In Stroud, the Court had to answer that question in order to determine whether wife “defaulted” under the terms of the marital agreement, authorizing husband to seek attorney’s fees. A judicial determination was required to establish whether the wife violated one of the terms of the agreement. Id. at 234-35, 677 S.E.2d at 630-31. Therefore, the “husband was not entitled to unilaterally terminate support payments without seeking entry of a proper court order.” Id. at 238-39, 677 S.E.2d at 632. We reached the same conclusion in the recent unpublished opinion of Miller v. Green, No. 1993-14-3, 2015 WL 3877010, 2015 Va.App. LEXIS 201 (Va.Ct.App. June 23, 2015), which, like the case before us, contained a termination clause that was not self-executing.
Unfortunately, when a party ignores the requirement for a judicial determination of a non-self-executing termination clause, and proceeds to unilaterally terminate support, the result may appear inequitable. The law, however, clearly mandates such a result. Accordingly, I would affirm the ruling of the trial court and must respectfully dissent from the majority opinion.

. The majority relies on the following language from Cofer as a method to apply Code § 20-109(C) as a restraint from affirming the trial court: "in the absence of statute, payments exacted by the original decree of divorce become vested as they accrue and the court is without authority to make any change as to past due installments.” Cofer, 205 Va. at 838, 140 S.E.2d at 666 (emphasis added). However, in Cofer, the Supreme Court found that there was no statutory authority for the trial court to retroactively terminate a support obligation. The Court discussed the application of Code § 20-108 and held that "our statute (Code § 20-108, supra) does not authorize the court to relieve the delinquent husband of the payment of accrued installments for the support of his children due under the provisions of a former decree or order.” Id. at 839, 140 S.E.2d at 667. In the present case, just as in Cofer, no statute gives the trial court license to terminate or modify support payments that already have vested.