UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Judges O'Brien, Russell and Retired Judge Bumgardner[*]
Argued at Norfolk, Virginia


JAMES DAVID EVERETT, II

 v.      Record No. 1838-17-1

KATHRYN JEAN TAWES                              MEMORANDUM OPINION[**] BY
                                               JUDGE RUDOLPH BUMGARDNER, III
KATHRYN JEAN TAWES                                    JULY 10, 2018

 v.      Record No. 1839-17-1

JAMES DAVID EVERETT, II


FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND
COUNTY OF JAMES CITY
Charles J. Maxfield, Judge[1]

Robert L. Harris, Jr. (Barnes & Diehl, P.C., on briefs), for James
David Everett, II.

Player B. Michelsen (Batzli Stiles Butler PC, on briefs), for Kathryn
Jean Tawes.


Kathryn Jean Tawes filed for divorce from James David Everett, II in April 2016.  The

circuit court entered an order for *pendente lite* support on December 12, 2016, of $7,831 a

month, retroactive to May 1, 2016.  Husband did not pay as ordered, and wife sought a rule to

show cause against which husband moved for retroactive modification of the *pendente lite*

---

[*] Judge Bumgardner participated in the hearing and decision of these cases in his capacity as a senior judge of this Court prior to July 1, 2018 and thereafter by designation pursuant to Code § 17.1-400(D).

[**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Judge Maxfield presided at the hearings held on March 28, 2017, June 6, 2017, and July 25-28, 2017.  Judge Walter J. Ford presided at the *pendente lite* hearing on October 13, 2016.

award.  The trial court subsequently ruled that the accrued arrearages of the *pendente lite* award could not be retroactively modified.  It awarded wife permanent support of $4,800 per month in the final decree but did not award attorney fees to either party.

Husband appeals the refusal to modify retroactively the accrued *pendente lite* arrearages.  In her appeal, wife asserts the court erred in determining the husband's income and in determining permanent spousal support.  Both parties request attorney fees and costs.  We affirm the circuit court and deny both requests for attorney fees and costs.

The parties married in 1989 and separated in 2015.  They had three adult children and jointly owned a bed-and-breakfast inn.  Husband owned interests in limited liability companies that operated four restaurants in Williamsburg.  He received a guaranteed monthly salary of $10,000 ($120,000 per year) from one of the restaurants, plus an additional $530 every two weeks ($13,780 per year) to pay taxes on his guaranteed salary.  The businesses paid approximately $52,000 per year for husband's premiums for life insurance and family health insurance and his health savings account.  In addition, husband received periodic distributions from the restaurants to offset his tax liability arising from the restaurants' reported taxable income.  No distributions were made if it would deplete the operating and capital needs of that restaurant.  The income reported on husband's tax returns reflected taxable income from the restaurants, but it did not reflect his cash flow or the actual disposable funds available to him.

At the *pendente lite* hearing in October 2016, the court based the amount of support due from husband on his average gross annual income for the previous three years, which was $395,064, or $32,922 per month, and wife's declared monthly need of $11,720.  The court ordered husband to pay wife $7,831 each month.  The court also ordered husband to continue paying the mortgage and all utilities for the marital residence where wife lived, as well as paying her car loan and insurance.  These expenses totaled $5,888.16.  At the time of the show cause

hearing on March 28, 2017, husband's arrearage under the *pendente lite* order was $66,437.68. At a later hearing in July 2017 to determine permanent spousal support and equitable distribution, wife told the court that she was not pursuing any additional accrued arrearage. In the final decree, the court set the arrearage under the *pendente lite* order at $66,437.68.

Husband testified at the show cause hearing that he could not afford to pay wife the additional cash amount of *pendente lite* support ordered because he only had left about $4,600 per month after he paid wife's housing and car expenses. He said that he had received a $150,000 distribution from one of the restaurants in 2016 to cover his tax liability, but that he did not expect to get any further distributions because the restaurants required the cash to operate. The court found that husband was not in contempt for failing to pay support. It took under advisement husband's request that the amount be modified retroactively. The court later concluded that established case law did not permit retroactive modification.

Husband argues in his case that because a *pendente lite* order is intended to preserve the parties' status until a final decree of divorce is entered, the order is a temporary judgment that can be modified. He also asserts that while Code § 20-107.1(H)(6) states that an unpaid support obligation creates a judgment, there is no similar language in the *pendente lite* statute, Code § 20-103, and thus the legislature intended that *pendente lite* support be treated differently.

The law is settled that support payments vest as they accrue and may not be modified retroactively. See Cofer v. Cofer, 205 Va. 834, 839, 140 S.E.2d 663, 666 (1965); Smith v. Smith, 4 Va. App. 148, 152, 354 S.E.2d 816, 818 (1987). In Reid v. Reid, 245 Va. 409, 415, 429 S.E.2d 208, 211 (1993), the Court held that even though the wife was not entitled to spousal support because she had deserted her husband, there was no statutory provision or implied authority to allow him restitution for support that he already had paid her. Similarly, in MacDougall v. Levick, 66 Va. App. 50, 84-88, 782 S.E.2d 282, 199-201 (2016), rev'd on other

grounds, 294 Va. 283, 805 S.E.2d 775 (2017), and Kleinfield v. Verucki, 7 Va. App. 183, 190, 372 S.E.2d 407, 411 (1988), this Court held that even though those marriages were found to be void, restitution could not be awarded for paid *pendente lite* support. Only if the payee spouse remarries and fails to notify the payor spouse is restitution of support authorized for amounts paid after the remarriage. See Code § 20-110. The trial court did not err in denying husband's request to modify the *pendente lite* order retroactively.

In her appeal, wife argues the trial court erred in only awarding permanent spousal support of $4,800 per month when she requested $8,000 to $10,000 per month. Wife maintains the court incorrectly determined husband's annual income, improperly considered her monetary award of marital assets,[2] and failed to consider the tax consequences to each party.

Wife further asserts that because she was the blameless party in the divorce, she was entitled to a support award that allowed her to maintain the "upper middle class lifestyle" that she had enjoyed before husband deserted her. See, e.g., Miller v. Cox, 44 Va. App. 674, 684, 607 S.E.2d 126, 131 (2005). However, the amount needed by the spouse must be "balanced against the other spouse's ability to pay." Id. Further, there was evidence before the court that during the marriage the parties had not had a large amount of disposable income. Wife said in an interrogatory that they had "struggled forever." Her mother testified that she had given them cash because "they just didn't have all that much." The court noted that the parties lived "beyond their means," as they "attempted" to have a standard of living that they could not afford. Wife contends, however, that husband could access more money from the restaurants' earnings if

---

[2] The parties stipulated that the marital estate be divided equally. Husband retained his interests in the four restaurants. In addition to the marital residence and the bed-and-breakfast inn, wife received a monetary amount of $212,585, to be paid by husband twice a year in installments of $18,750, plus interest.

he chose to do so and that the court erred in finding that husband lacked sufficient cash flow to make a larger support payment.

On appeal of an order awarding spousal support, the circuit court's "findings of fact are accorded great deference[,] and its judgment will not be set aside unless plainly wrong or without evidence to support it." See Stroud v. Stroud, 54 Va. App. 231, 236, 677 S.E.2d 629, 631 (2009). The record here shows that in setting the permanent amount of spousal support, the court considered the factors set forth in Code § 20-107.1(E). The court determined that husband's annual income was "roughly $250,000." Husband's guaranteed annual income of $120,000, plus additional salary payments of $13,780 per year, plus an average annual distribution from the restaurants of $150,000, minus the $37,500 per year that husband owed to wife on the monetary equitable distribution award equaled $246,280. Wife argues that the court should have included the health insurance benefits that the businesses paid on husband's behalf in determining his annual income, resulting in a figure of $298,324 per year. The health insurance policy also included coverage for two of the parties' daughters who were not yet twenty-six years old. The court did not include the life and health insurance premiums paid on husband's behalf, or the funding of his health savings account, because husband did not receive cash for these benefits. Husband presented evidence that his monthly needs were $10,505.

The court considered evidence of the state and federal taxes that husband had to pay based on the reported taxable income from the restaurants. The court found persuasive the testimony from a business partner about the operating expenses and capital outlay of the restaurants, as well as the manner in which distributions to members of the companies were made. The court did not accept wife's assertion that husband could have more available cash if he took additional distributions from the restaurants. The court stated that husband did not "get the benefits of all the profits that [the restaurants] show on the books," and that husband had "a

serious cash-flow problem because of the way he is taxed." The court took those factors into account in determining husband's ability to pay.

The court imputed wife's annual income to be $35,000. Wife presented evidence that her monthly needs were $12,815.67. This amount included $800 for "meals out," $300 for gasoline, and money for remodeling projects at the residence that the parties had planned, but never completed. The court questioned some of the figures and noted that wife's income and expense statement was "not particularly helpful."

Code § 20-107.3(F) provides that after the court determines the equitable distribution monetary award, it may "after or at the time of such determination . . . consider whether an award for support and maintenance. . . shall be entered." In establishing a support award, the court may consider "provisions made with regard to the marital property" in equitable distribution. Code § 20-107.1(E)(8). See Williams v. Williams, 4 Va. App. 19, 25, 354 S.E.2d 64, 67 (1987) (holding that the conveyance of "an incoming producing asset" to satisfy a monetary award "might logically affect . . . the ability to pay support by the conveying spouse"). Husband contends that the holding in Williams permitted the court to consider the effect of the monetary award on husband's ability to pay support. Wife argues that husband's reliance is misplaced because he kept the income producing properties (the restaurants) for himself and conveyed to her the bed-and-breakfast inn, which was not a source of income to him. However, wife testified that she and husband had purchased the inn in 2014 with the intention that it would support them in their future retirement. Wife planned to continue managing the inn. The court determined the amount of the monetary award to wife before it addressed the amount of permanent spousal support. The court was faced with the fact that although the marital estate was valued at over $l.l million, the available liquid assets were approximately $7,000. We find the court did not abuse its discretion in "fix[ing] a proper spousal award in light of the financial

result of the monetary award." <u>Gamble v. Gamble</u>, 14 Va. App. 558, 577, 421 S.E.2d 635, 646 (1992). <u>See</u> <u>Via v. Via</u>, 14 Va. App. 868, 870, 419 S.E.2d 431, 433 (1992) ("The amount awarded must, in any event, be fair and just under all the circumstances of the case.).

Further, the record shows that the court considered the tax consequences to each party. <u>See</u> Code § 20-107.1(E)(13). Wife presented expert testimony from a certified public accountant concerning several scenarios for the tax consequences of hypothetical support awards. The court was attentive to husband's actual cash flow because his tax exposure distorted his true financial position. We find that the court did not abuse its discretion in setting wife's permanent spousal support award at $4,800 per month.

Both parties have requested an award of attorney fees and costs. Having reviewed and considered the record in this case, we decline to award either party fees and costs. <u>See</u> Rule 5A:30.

<u>Affirmed.</u>